UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEWAYNE SANDERS                                                                      PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:26-CV-46-DPJ-ASH

GREENSTATE CREDIT UNION                                                    DEFENDANT

ORDER

Pro se Plaintiff Dewayne Sanders filed this suit under the Fair Credit Reporting Act

(FCRA), 15 U.S.C. § 1681 et seq., against Greenstate Credit Union (Greenstate).  Compl. [1] at

1.  After obtaining a Clerk's Entry of Default [5], he moved for default judgment.  Mot. [6].

Greenstate has now appeared, answered, and moved to set aside the clerk's entry of default under

Federal Rule of Civil Procedure 55(c).  Mot. [9].  Sanders opposes the request.  Pl.'s Mem. [17].

The Court, having considered the parties' submissions and the relevant authority, finds

Greenstate's motion to set aside the clerk's entry of default [9] should be granted.

I.       Facts and Procedural History

Sanders claims Greenstate "furnished inaccurate and internally inconsistent credit

information regarding Plaintiff's account and failed to conduct a reasonable investigation after

receiving multiple disputes."  Compl. [1] at 1.  As relief, he "seeks actual, statutory, and punitive

damages pursuant to 15 U.S.C. §§ 1681n and 1681o, as well as costs and attorney's fees."  *Id.* at

5.[1]

Sanders filed his Complaint on January 22, 2026, and, on February 9, 2026, he filed proof

of service.  Executed Summons [3].  Process server Richard Gadlent served the summons on

---

[1] In his Affidavit in Support of Default Judgment, Sanders seeks a total award of $7,500.  Aff. [7]
at 3.

"Stacey Hankins, who is designated by law to accept service of process on behalf of Greenstate Credit Union at 3902 N Brady St, Davenport, IA 52808 on 02/03/2026 at 12:09 PM." *Id.* at 2. After receiving no answer from Greenstate, Sanders moved for a clerk's entry of default [4], which the Clerk issued on March 25, 2026. *See* Clerk's Entry [5]. Greenstate now seeks to have that clerk's entry of default set aside. Mot. [9].

II.     Standard of Review

Federal Rule of Civil Procedure 55 provides that default may be entered if a defendant has "failed to plead or otherwise defend" a lawsuit. Fed. R. Civ. P. 55(a). And Rule 55(c) provides that the Court "may set aside an entry of default for good cause[.]" "In this Circuit, courts must consider the following factors: '(1) whether the default was willful; (2) whether setting aside the default judgment would prejudice Plaintiff; and (3) whether the defendant presented a meritorious defense.'" *Turnage v. Jackson/Hinds Libr. Sys.*, No. 3:23-CV-338-CWR-LGI, 2024 WL 917588, at *2 (S.D. Miss. Mar. 4, 2024) (quoting *In re Chinese Manufactured Drywall Prods. Liabl. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014)). Courts may also "consider whether '(1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default.'" *Id.* (quoting *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)).

Ultimately, "[d]efaults are not favored and their strict enforcement 'has no place in the Federal Rules.'" *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991)). "[A]ny doubt should, as a general proposition, be resolved in favor of the defendant to the end of securing a trial upon the merits." *Herbert v. Citimortgage, Inc.*, No. 1:19-CV-646-HSO-JCG,

2

2020 WL 13441540, at *1 (S.D. Miss. July 27, 2020) (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008)).

III.    Analysis

Greenstate explains that, upon receipt of Sanders's Complaint, it assigned the case to a paralegal to retain counsel.  Def.'s Mem. [10] at 5; Manning Decl. [9-1] at 2.  Greenstate's Director of Legal Services and Goverance, Alison Manning, attests that on March 30, 2026, she received notice of the clerk's entry of default and "discovered that the paralegal to whom the matter had been assigned to had not retained counsel to file a timely response."  Manning Decl. [9-1] at 2–3.  That paralegal's employment was terminated, and Greenstate retained counsel on April 16, 2026.  *Id.* at 3; Notice of Appearance [8].  Manning explains that because Greenstate is an Iowa credit union with branches in Illinois and Nebraska, it did not have "standby counsel who could immediately appear" and "had to locate counsel to help defend the matter."  Manning Decl. [9-1] at 3.

Once counsel made an appearance on April 16, Greenstate moved to set aside the clerk's entry of default [9] (April 20), participated in a status conference with United States Magistrate Judge Andrew S. Harris (April 22), filed an answer [11] and a motion for an extension of time to answer [12] (April 24), and moved to extend the deadline to respond to Sanders's motion for default judgment [14] (April 24).  With this background in mind, the Court looks at the relevant factors.

***Was the default willful?***  "To determine whether the Defendant's failure to respond was willful, the Court will look to whether the Defendant's inaction was a deliberate attempt to avoid litigation or to do any harm whatsoever to the Plaintiff or the Court."  *Doss v. Jefferson Cnty. Hosp.*, No. 5:23-CV-37-DCB-BWR, 2023 WL 7308110, at *2 (S.D. Miss. Nov. 6, 2023).

"Failure to respond to a lawsuit may be negligent or more than somewhat naïve without rising to the level of willfulness." *Id.*

Greenstate's explanation of the reason for the default does not suggest willfulness. Manning attested that she assigned the lawsuit to a paralegal who "was responsible for retaining counsel" but failed to. Manning Decl. [9-1] at 2. At best this failure was negligent.

Understandably, Sanders challenges this explanation. He points out that Greenstate admits it received notice of the lawsuit and "routed it internally." Pl.'s Mem. [17] at 2. He believes Greenstate has shown "internal neglect, not good cause." *Id.* He also says, "A regulated credit union should have reliable systems for processing lawsuits, monitoring deadlines, escalating legal process, and retaining counsel. Defendant's explanation does not show such systems existed or were followed." *Id.*

While Sanders's point is well taken, the circumstances Greenstate describes do not suggest "a deliberate attempt to avoid litigation." *Doss*, 2023 WL 7308110, at *2. This case is like *Gullick v. Maritech Res., Inc.*, when, because of a paralegal's confusion, "counsel was never informed the complaint and summons had been served on the companies." No. 2:11-CV-117-KS-MTP, 2011 WL 4356618, at *2 (S.D. Miss. Sept. 16, 2011). So too here. The paralegal's oversight "does not suggest [Greenstate] neglected the instant case[] but rather demonstrates that this one temporarily fell through the cracks." *ST Eng'g Halter Marine & Offshore, Inc. v. M/V RALPH E. BOUCHARD*, No. 1:19-CV-955-LG-RHW, 2020 WL 12968654, at *2 (S.D. Miss. May 5, 2020); *see Nationwide Mut. Ins. Co. v. Patel*, No. 3:24-CV-393-HTW-LGI, 2025 WL 4100519, at *4 (S.D. Miss. Sept. 16, 2025) (noting attorney confusion or inadvertence may support setting aside an entry of default); *Gullick*, 2011 WL 4356618, at *2 (finding default was not willful); *see also Scott v. Carpanzano*, 556 F. App'x 288, 294–95 (5th Cir. 2014) (affirming

4

finding of willful default where defendant instructed attorney not to enter an appearance). The default was not willful.

*Will setting aside the default prejudice Sanders?* "Courts generally find no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Doss*, 2023 WL 7308110, at \*3 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). "Mere delay does not alone constitute prejudice. Instead, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (cleaned up, citations and quotation marks omitted).

Sanders says this case involves an "ongoing credit reporting injury" and seems to suggest that the quick resolution a default judgment would mitigate those injuries. Pl.'s Mem. [17] at 3. He explains that "reopening the case would: Delay relief from continuing credit injury; Extend the period of reputational and financial harm; Force Plaintiff to spend additional time and resources responding to a failure Defendant caused; Allow Defendant to benefit from its own internal neglect; [and] Undermine the deterrent purpose of the FCRA and Rule 55." *Id.* at 4 (bullet points omitted).

But Sanders's case is in its early stages. *See Nationwide*, 2025 WL 4100519, at \*4 (finding prejudice factor weighed in favor of granting motion to set aside default where no scheduling order had been entered and discovery had not begun). A case-management conference has not occurred; deadlines have not been set. Greenstate's answer was due February 24, 2026, and less than two months later it filed this motion to set aside default [9]. All civil

5

lawsuits take time, and as mentioned, "mere delay does not alone constitute prejudice." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000).[2]

The Court finds that setting aside the default will not prejudice Sanders.

***Has Greenstate presented a meritorious defense?*** "A defendant's burden under this factor is to provide 'definite factual allegations, as opposed to mere legal conclusions, in support of [its] defense.'" *Doss*, 2023 WL 7308110, at *4 (quoting *Jenkens*, 542 F.3d at 122). "The underlying concern is 'whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* (quoting *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008)).

Greenstate presented three *potentially* meritorious defenses, as examples, in its motion. *See* Def.'s Mem. [10] at 8–11. The Court has reviewed each and finds Greenstate has met its burden as to this factor.

***Greenstate acted expeditiously.*** As mentioned, courts may also "consider whether . . . the defendant acted expeditiously to correct the default." *Turnage*, 2024 WL 917588, at *2 (quotation marks omitted). Within about two weeks of discovering the clerk's entry of default, Greenstate's counsel made an appearance [8], Greenstate filed this motion to set aside default [9] and an answer [11], and counsel participated in a status conference. *See* Manning Decl. [9-1] at 2 (stating Greenstate discovered the default on March 30). Greenstate acted expeditiously.

Ultimately, defaults are "'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" *Lacy*, 227 F.3d at 292 (quoting *Mason & Hanger–Silas Mason Co. v. Metal*

---

[2] Federal Rule of Civil Procedure 65 provides avenues for preventing further harm.

*Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984)).  The Court finds good cause exists for setting aside the clerk's entry of default; Greenstate's motion [9] is granted.

IV.    Conclusion

The Court has considered all arguments raised; those not specifically addressed would not change the result.  For the reasons stated, Greenstate's motion to set aside the clerk's entry of default [9] is granted; the clerk's entry if default is set aside.  Plaintiff's motion for default judgment [6] is therefore denied.  Greenstate's motion for an extension of time to file its answer [12] is granted; the answer filed April 24, 2026, is considered timely.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE